UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John McCombs, | ) | Civil Action No.: 2:18-cv-02397-RBH |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| State of South Carolina, | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Mary Gordon Baker, who recommends summarily dismissing Plaintiff's pro se complaint without prejudice.[1] *See* ECF No. 9.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and she reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff, proceeding pro se, has filed a civil complaint against the State of South Carolina seeking to challenge his involuntary civil commitment under the South Carolina Sexually Violent Predator Act.[3] *See* ECF No. 1. The Magistrate Judge recommends summarily dismissing this action because (1) habeas corpus is the proper avenue for the relief that Plaintiff seeks; (2) the Eleventh Amendment bars suit against the State of South Carolina for monetary damages; and (3) no amendment could cure the defects in Plaintiff's complaint. *See* R & R at pp. 5–11.

Within the time for filing objections, Plaintiff filed a motion to hold this case in abeyance. *See* ECF No. 11. However, he does not specifically object to the Magistrate Judge's proposed findings and recommendations. The Court reiterates that absent a specific objection, it need only review the R & R for clear error and need not give reasons for adopting it. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199–200. Nevertheless, the Court has conducted a de novo review of the R & R and agrees with the Magistrate Judge's conclusions. The relief that Plaintiff seeks—release from custody and

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] S.C. Code Ann. §§ 44–48–10 through –170. Plaintiff has provided additional information regarding his civil commitment in his abeyance motion, *see* ECF No. 11, and the Court takes judicial notice of the records in Plaintiff's prior civil action. *See McCombs v. Scaturo*, No. 8:10-cv-02406-RBH (D.S.C.).

2

invalidation of his criminal conviction—is available only in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, the Court does modify the R & R to reflect that 28 U.S.C. § **2241** (not § 2254) is the proper avenue for habeas relief in light of Plaintiff's current state civil commitment. *See, e.g.*, *Gaster v. S.C. Dep't of Corr.*, 67 F. App'x 821, 2003 WL 21465454, at n.\* (4th Cir. 2003) (explaining 28 U.S.C. § 2241 is the proper type of habeas petition for a person "civilly committed under the South Carolina Sexually Violent Predator Act"). Moreover, to the extent Plaintiff seeks monetary damages, they are not available pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court will adopt the R & R and deny Plaintiff's abeyance motion.[4]

## Conclusion

For the foregoing reasons, **ADOPTS** the R & R [ECF No. 9] *as modified* and **DISMISSES** Plaintiff's complaint *without prejudice and without issuance and service of process*.[5] The Court **DENIES** Plaintiff's motion to hold in abeyance [ECF No. 11].

**IT IS SO ORDERED.**

Florence, South Carolina  
October 30, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[4] In his motion, Plaintiff provides legal summaries and gives extensive information regarding his criminal conviction and circumstances leading to his current civil commitment. None of the information provided in Plaintiff's motion necessitates this Court holding this case in abeyance.

[5] The Court agrees with the Magistrate Judge that Plaintiff cannot cure the defects in his complaint by mere amendment. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give him leave to amend.

3